UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEVIN FORD,** : | Civil Action No. 17-4864 (EP) |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **REPORT & RECOMMENDATION** |
| : | |
| **WARDEN CHARLES GREEN, et al.,** : | |
| : | |
| **Defendants.** : | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on the failure of *pro se* Plaintiff Kevin Ford to comply with Court orders and prosecute his case. For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice.

**BACKGROUND**

Plaintiff commenced this action on or about June 30, 2017 against Defendants Essex County Jail, Warden Charles Green, Center Family Group, Dr. O'Conner, Dr. Risbey, and Essex County Executive Joseph DiVincenzo. *See* Dkt. No. 1. Plaintiff's application to proceed *in forma pauperis* was granted on July 12, 2017. *See* Dkt. No. 2. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A and dismissed the majority of Plaintiff's claims while allowing the following claims to proceed: Plaintiff's Fourteenth Amendment inadequate medical care and First Amendment retaliation claims against the Nurse Defendants. *See* Dkt. No. 6. The Court granted Plaintiff thirty days to file an amended complaint curing the deficiencies in the claims that were dismissed without prejudice. *See* Dkt. No. 7. Plaintiff filed an Amended Complaint on November 14, 2017 [Dkt. No. 10] which the Court again screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A and found in its July 18, 2019 Opinion that the following claims

could proceed: (1) Plaintiff's claims against Nurses April Lawrence and Tanesia Davis, both of whom rendered medical care to Ford during his pretrial confinement at Essex County Correctional Facility ("ECCF"); (2) Plaintiff's § 1983 retaliation claim against ECCF-affiliated physicians Syed Rizvi and Paul O'Conner; and (3) Ford's newly asserted federal and state civil rights excessive force claims against Joseph Massenberg, Jr., a police officer in the Newark Police Department. *See* Dkt. No. 24. The Court dismissed Plaintiff's claims against Essex County Jail with prejudice. *Id.*

On May 17, 2021, Defendant Massenberg ("Defendant") filed an Answer to Plaintiff's Amended Complaint. [Dkt. No. 42].[1] Thereafter, on December 6, 2021, the Court entered a Pretrial Scheduling Order in this case. *See* Dkt. No. 55. In a joint letter filed on March 31, 2022, Defendant stated: "On or about January 28, 2022, the Defendant propounded discovery requests on Plaintiff. Defendant has not been served with discovery requests from Plaintiff. On March 30, 2022, via telephone conference, Plaintiff has advised Defendant that he remains in recovery from his recent surgery and is unable to actively participate in discovery." Dkt. No. 58. On May 10, 2022, Defendant filed a letter indicating that on April 13, 2022, Defendant again sent Plaintiff discovery demands and received no response, and that Plaintiff still had not served any discovery demands on Defendant. [Dkt. No. 63]. On May 13, 2022, the Court received documents from Plaintiff which appeared to be discovery demands for Defendant. [Dkt. No. 65].

On June 14, 2022, the Court entered a Letter Order directing the parties to answer interrogatories and requests for production of documents by July 15, 2022 and setting the fact discovery deadline on September 30, 2022. [Dkt. No. 67]. On October 12, 2022, the Court again

---

[1] There was considerable delay between the issuance of the Court's Opinion and Order in July of 2019 and attempted service on Defendants. It appears service was only successfully executed as to Defendant Massenberg and that such service was executed on or about September of 2020. *See* Dkt. Nos. 35 and 36.

2

extended the fact discovery deadline to February 28, 2023. [Dkt. No. 77]. On October 26, 2022, Defendant filed a letter request for leave to file a motion to compel against Plaintiff for failure to respond to Defendant's discovery deficiency letter sent on August 19, 2022. [Dkt. No. 78]. On October 27, 2022, the Court issued an Order stating that it would discuss Defendant's request at a telephone conference with the parties on November 10, 2022. [Dkt. No. 79]. After Plaintiff failed to appear at the telephone conference on November 10, 2022, and again on December 6, 2022, the Undersigned issued an Order to Show Cause requiring Plaintiff to appear before the Court at a telephonic hearing on January 30, 2023 and show cause why his case should not be recommended for dismissal based on his failure to prosecute. *See* Dkt. No. 83. The Order to Show Cause required defense counsel to serve a copy of the Order on Plaintiff by December 23, 2022 and directed Plaintiff to submit a written submission to the Court by January 6, 2023. *Id.*

Defense counsel filed an affidavit on December 22, 2022 detailing the extensive efforts undertaken to effectuate service of the Order to Show Cause upon Plaintiff, including sending the Order via regular and certified mail, and via overnight mail and email. *See* Dkt. No. 84 at ¶¶ 4-10. No mail was returned to Defendant as undeliverable. *See* Dkt. No. 86 at ¶ 25. Although Plaintiff did not send the Court a written submission as directed in the Court's December 6, 2022 Order to Show Cause, Plaintiff did appear at the January 30, 2023 hearing. That same day, on January 30, 2023, the Court issued a Letter Order directing the parties to send written submissions regarding additional documentation as discussed on the record at the Order to Show Cause hearing. *See* Dkt. No. 85. On February 6, 2023, Defendant submitted a timeline in support of his position that this case be dismissed. [Dkt. No. 86]. The Court has not received any submissions from Plaintiff.

3

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* Fed. R. Civ. P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.* This Court recognizes the strong policy favoring decisions on the merits absent substantial circumstances in support of dismissal as a penalty. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that Plaintiff, appearing *pro se* in this action, is solely responsible for his failure to comply with Court orders and to prosecute his case. By failing to attend multiple conferences, not responding to communications from Defendant, and not actively participating in discovery, Plaintiff made it impossible to meaningfully participate in this litigation. Moreover, Defendant mailed the Order to Show Cause

to Plaintiff's last known addresses, yet Plaintiff failed to submit a position paper for the Show Cause hearing on January 30, 2023 and failed to submit follow-up documentation as directed by the Court in its January 30, 2023 Letter Order. By failing to communicate with the Court and failing to cooperate with both Court instructions and Defendant, Plaintiff has effectively abandoned his case.

**2. Prejudice to Defendant.** Permitting Plaintiff's case to go forward when Plaintiff has demonstrated an apparent refusal to participate in advancing this case or comply with Court orders would cause manifest injustice to Defendant. Plaintiff initiated this action and has since failed to respond or appear pursuant to any Court orders. Additionally, as certified in Defendant's Affidavit demonstrating his good faith efforts to serve Plaintiff [*see* Dkt. No. 84] and the Declaration of Defendant's Counsel [Dkt. No. 86], despite numerous attempts by Defendants, Plaintiff is unresponsive to communications sent to all addresses linked to his name and has steadfastly refused to meaningfully participate in discovery. Plaintiff is either a) no longer at any previous known address and failed to provide a forwarding address and failed to provide notice to the Court or b) is at the locations and willfully ignoring any communications directed towards him from Defendant. Plaintiff's actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

**3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. He has failed to file multiple submissions ordered by the Undersigned, including a position paper responding to the Undersigned's Order to Show Cause, and has failed to appear for telephone conferences with the Court on November 10, 2022 and December 6, 2022. Accordingly, Plaintiff's inaction in this matter supports dismissal.

**4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiff has proceeded in

5

bad faith. However, Plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to Court orders and has failed to attend scheduled conferences before this Court. These circumstances, when taken as a whole, support dismissal as the appropriate remedy.

    **5. Effectiveness of Alternative Sanctions.** Plaintiff's record of unresponsiveness suggests that alternative sanctions would be futile. Despite delaying this case for months and ordering Plaintiff to respond and appear, Plaintiff has not participated in prosecuting his case. No other sanction would be effective if Plaintiff does not heed them. *See Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

    **6. Meritoriousness of the Claims.** Regarding the question of whether Plaintiff's claims have merit, the Undersigned notes that the Honorable John Michael Vazquez, U.S.D.J., allowed some of Plaintiff's claims to proceed in the July 18, 2019 Opinion and Order. *See* Dkt. Nos. 24 and 25. Thus, for the purposes of the instant motion, the Court will assume that Plaintiff's surviving claims have at least some merit. However, regardless of whether Plaintiff's claims have merit, the parties were still conducting discovery when Plaintiff ceased participating, so the Undersigned will find this factor "neutral" due to the stage of the proceedings. *See Caffrey v. Scott*, No. 10-5055, 2011 WL 4528169, at *4 n.1 (D.N.J. Sept. 28, 2011).

    In sum, Plaintiff did not submit any correspondence in response to the Court's Order to Show Cause why this case should not be dismissed and did not give satisfactory answers at the Show Cause hearing for why he is not actively participating in this matter. Plaintiff also failed to attend multiple telephone conferences scheduled by the Court. As such, Plaintiff's repeated failures to participate in this litigation and willful abandonment establish his inability to adequately prosecute this matter.

**CONCLUSION**

The Court having considered this matter pursuant to Fed. R. Civ. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **17th day of April, 2023**,

**RECOMMENDED** that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b); and it is further

**ORDERED** that defense counsel shall serve a copy of this Order on Plaintiff by certified mail, return receipt requested, regular mail, and via email to Plaintiff's last known addresses as set forth in Defendant's affidavit [*see* Dkt. No. 84].

The parties are advised that they may file an objection within fourteen (14) days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**